## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARRYL LESLIE FITZHUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-326-R** |
| | ) | |
| **GOOGLE TRUST SERVICES, LLC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, proceeding pro se,[1] filed a Complaint naming the Oklahoma County Detention Center as a defendant. The Oklahoma County Detention Center has filed a Motion to Dismiss [Doc. No. 12] contending that it is not a proper party to suit. Plaintiff responded in opposition [Doc. No. 13] and the matter is now at issue.

Federal Rule of Civil Procedure 17(b)(3) provides that a defendant's capacity to sue or be sued is determined "by the law of the state where the court is located." Under Oklahoma law, "any person, corporation, partnership, or unincorporated association" and "each organized county" has the capacity to sue or be sued. *See* Okla. Stat. tit. 12, § 2017(B); Okla. Stat. tit. 19, § 1. Applying this law, numerous courts have concluded that a county detention center, "as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law," and therefore lacks the capacity to be sued. *Stout v. Whetsel*, No. CIV-10-1327-HE, 2011 WL 2160788, at *3 (W.D. Okla. Mar. 10,

---

[1] Because Petitioner is proceeding pro se, the Court liberally construes his filings but does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2011), report and recommendation adopted, No. CIV-10-1327-HE, 2011 WL 2149782 (W.D. Okla. June 1, 2011); *see also Arps v. Eddie Warrior Corr. Ctr*., No. CIV-05-892-C, 2006 WL 1451245, at *4 (W.D. Okla. May 18, 2006) ("Both this Court and the Tenth Circuit have concluded that a county or local jail lacks the capacity to be sued because such facility lacks an identity separate and apart from the county itself which, under proper circumstances, is a suable entity."); *Tiesel v. Creek Cnty. Jail Med*., No. 10-CV-753-GKF-PJC, 2010 WL 5069855, at *3 (N.D. Okla. Dec. 3, 2010) ("While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action."); *Cox v. Whetsel*, No. CIV-06-1192-M, 2007 WL 1796039, at *1 (W.D. Okla. June 20, 2007) ("However, even if the Oklahoma County Detention Center was named as a defendant, it would be subject to dismissal for failure to state a claim because a county jail in Oklahoma is not a legal entity with the capacity to be sued in a § 1983 action.").

In his response, Plaintiff states that the Oklahoma County Detention Center is the "main perpetrator" of the assault forming the basis of this action and "[t]heir management" placed him in danger. However, he provides no substantive argument that would undermine the conclusion that the Oklahoma County Detention Center is not an entity subject to suit.

Accordingly, the Motion to Dismiss [Doc. No. 12] is GRANTED and Defendant Oklahoma County Detention Center is dismissed from this action.

IT IS SO ORDERED this 27th day of June, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE